IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECE'V

2005 DEC -8
DEBRA P. HACK
U.S. DISTRICT
MIDDLE DISTR

JEFFERY JAMES JACKSON

    PLAINTIFF

    V.

ELLEN I. BROOKS - D.A. et al.,

    DEFENDANTS.

CIVIL ACTION NO. 2:05-CV-1138 (WO)

## PLAINTIFF'S OBJECTIONS TO SAID RECOMMENDATION

COMES NOW, THE PLAINTIFF, JEFFERY J. JACKSON PRO SE IN COMPLIANCE WITH THE ORDER MADE DECEMBER 5TH 2005 BY THIS HONORABLE COURT. IN SUPPORT OF THE OBJECTIONS MADE BY PLAINTIFF TO THE MAGISTRATE JUDGE'S RECOMMENDATION, HE STATES THE FOLLOWING:

(1.) PLAINTIFF FILED THIS 42 U.S.C. § 1983 DECEMBER 1, 2005. PLAINTIFF CHALLENGES THE WRONGFUL CONVICTION WHICH OCCURRED ON FEBUARY 14, 2000 AT TRIAL AND SEEKS DAMAGE'S FOR PERSONAL INJURIES.

(A) CLAIMS SUPPORTED BY THE STATUTE OF LIMITATIONS.

### 1. DISCUSSION

ATTORNEY JOHN W. HARTLEY DID'NT INFORM ME ABOUT THE ILLEGAL ENTRY OF A GUILTY PLEA. ON FEBUARY 14, 2000 PLAINTIFF WAS SCHEDULED FOR CRIMINAL TRIAL. A GUILTY PLEA WAS ENTERED BY SOMEONE WHO THE COURT DISCOVERED WAS'NT ME. THE DEFENDANT, ATTORNEY JOHN W. HARTLEY WITHDREW AS COUNSEL MAY 30TH 2002 AND ATTORNEY AIMEE C. SMITH WAS APPOINTED AS COUNSEL.

THE PLAINTIFF WAS ABSOLUTELY A FREE MAN ON MARCH 18, 2002 WHEN HE WAS ARRESTED FOR FAILURE TO APPEAR IN CIRCUIT COURT FOR SENTENCING. ON MARCH 28, 2002, THE TRIAL COURT WENT ON RECORD VERIFYING THAT THE GUILTY PLEA ENTERED ON FEBUARY 14, 2000 WAS ENTERED IN ERROR. THE TRIAL COURT CLAIMS TO HAVE CORRECTED THE RECORD ON MARCH 28 2002, BUT DID'NT. THE PLAINTIFF COMPLAINS THAT THE RECORD SHOWS TODAY DECEMBER 12TH 2005 THAT HE IS DETAINED FOR THE CHAGES THAT HE WAS WRONGFULLY CONVICTED ON FEBUARY 14, 2000.

THE DEFENDANT, AIMEE C. SMITH WAS APPOINTED TO REPRESENT ME ON THE SAME CRIMINAL MATTERS THAT THE DEFENDANT, JOHN W. HARTLEY REPRESENTED ME ON. MS. SMITH DID'NT REPRESENT ME ON THE FALSE CLAIM OF FAILING TO APPEAR IN COURT FOR SENTENCING. THEIR ARE (3) OFFENSES THAT I AM BEING DETAINED ON IN THE COUNTY JAIL. THE TRIAL THAT WAS HELD JUNE 17, 2002 WAS A SHAM. THE PLAINTIFF MADE NO AGREEMENT THAT WILL POSITIVELY SHOW THAT HE PLEAD GUILTY TO THE (3) OFFENSES THAT THE COUNTY JAIL HAS HIM DETAINED ON.

THE DEFENDANT, AIMEE C. SMITH INDUCED THE PLAINTIFF TO PLEAD GUILTY TO RECIEVING STOLEN PROPERTY ON JUNE 17, 2002. THE RECORDS HERE SHOW (3) OFFENSES THE PLAINTIFF IS DETAINED ON THE ORIGINAL CONVICTION WHICH OCCURRED FEBUARY 14, 2000, THAT CONVICTION HAS (3) OFFENSES SHOWING. THE STATE PURSUED PROSECUTION IN THIS CRIMINAL MATTER. THAT HAS CAUSED THE PLAINTIFF TO LOSE HIS JOB, HOME, THE LOVE OF HIS CHILDREN/FAMILY AND FREEDOM.

THE PLAINTIFF CLAIMS SHOULD'NT BE BARRED BY STATUTE OF LIMITATION BECAUSE HE HAS BEEN HINDERED BY THE COURT, STATE, AND HIS COURT-APPOINTED ATTORNEY'S. THE PLAINTIFF RECENTLY MADE THE DISCOVERY THAT HE IS DETAINED PURSUANT TO THE WRONGFUL CONVICTION.

(B.) THE CHALLENGE TO PLAINTIFF'S CONVICTION.

THE TIME THE PLAINTIFF HAS SPENT INCARCERATED UNLAWFULLY IS THE BASIS FOR RELIEF.

THE CIRCUIT COURT VERIFIED THAT THE CONVICTION WAS SET ASIDE AND/OR DISMISSED ON MARCH 18, 2002. HECK V. HUMPHREY, 512 U.S. 477 (1994); PREISER V. RODRIGUEZ, 411 U.S. 475, 500 (1973). IN HECK, THE SUPREME COURT HELD THAT A CLAIM FOR DAMAGES CHALLENGING THE LEGALITY OF A PRISONER'S CONVICTION IS REVERSED, EXPUNGED, INVALIDATED, OR IMPUGNED BY THE GRANT OF A WRIT OF HABEAS CORPUS AND COMPLAINTS CONTAINING SUCH CLAIMS MUST THEREFORE BE DISMISSED. ID. 512 U.S. at 483-489.

THE ACTION TAKEN ON FEBUARY 14, 2000 HAS BEEN INVALIDATED BY THE CIRCUIT COURT ON FEBUARY 14, 2000. Id. 520 U.S. at 648.

CONCLUSION

THE PLAINTIFF SEEKS RELIEF BASED ON A WRONGFUL CONVICTION AND THE MALICOUS PROSECUTION OF THE STATE AND THE (2) ATTORNEY'S NAMED AS DEFENDANT. THE PLAINTIFF IS ENTITLED TO DAMAGES AND IMMEDIATE RELEASE BASED ON BEING WRONGFULLY CONVICTED AND SERVING UNLAWFUL

DONE THIS THE 13TH DAY OF DECEMBER 2005.

Jeffery J. Jackson
PLAINTIFF - PRO SE