IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JEFFERY JAMES JACKSON | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-1138-MEF (WO) |
| ELLEN I. BROOKS - D.A., *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on December 1, 2005.[1] He claims that his detention in the Montgomery County Detention Facility is illegal because the convictions on which he is currently detained, and which were entered against him in February 2000, were previously invalidated by court order. Plaintiff also alleges that he received ineffective assistance of counsel during criminal court proceedings held on February 14, 2000 and June 16 and/or 17, 2002. Named as defendants are District Attorney Ellen Brooks, Deputy District Attorney Will Powell, John W. Hartley, Esq., and Aimee C. Smith, Esq. As a result of the wrongful convictions and his malicious prosecution by the State, Plaintiff requests

---

[1] Previously, on December 5, 2005, the undersigned entered a Recommendation that Plaintiff's complaint be dismissed prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed objections to the Recommendation on December 15, 2005. Upon review of the objections, the court directed that the December 5 Recommendation be withdrawn and also construed Plaintiff's December 15 objections as an amendment to the complaint. Upon review of the complaint, as amended, and for the reason contained in the instant Recommendation, the court finds that some of Plaintiff's claims as well as some of the named defendants are subject to dismissal under § 1915(e)(2)(B).

monetary damages and his immediate release. Upon review of the complaint, as amended, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## I. DISCUSSION

*A. Claims Barred by the Statute of Limitations*

Plaintiff files this complaint against, among others, attorneys John Hartley and Aimee Smith. He asserts a challenge to their representation of him during guilty plea proceedings which occurred in February 2000 and June 2002.[3] Plaintiff's claims against Defendants Hartley and Smith are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Defendant Hartley represented Plaintiff during his guilty plea proceedings held in 2000. Defendant Smith represented Plaintiff during his June 2002 guilty plea proceedings. (Doc. Nos. 1, 5.)

> applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

Plaintiff seeks to challenge the conduct of Defendants Hartley and Smith which occurred during his criminal trial proceedings held in February 2000 and June 2002. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[4] Consequently, the applicable statute of limitations expired on the claims arising from Plaintiff's 2000 and 2002 criminal proceedings, at the latest, in June 2004. Plaintiff filed the instant complaint on December 1, 2005. This filing, with respect to the claims presented against Defendants Hartley and Smith, is more than 1 year after the applicable limitations period lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as

---

[4]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims filed against Defendants Hartley and Smith and which occurred between February 2000 and June 2002,

is brought more than one year after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Plaintiff's challenges to Defendants Hartley and Smith's representation during his 2000 and 2002 criminal court proceedings are barred by the applicable statute of limitations and these claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

Even if Plaintiff could demonstrate that his claims against Defendants Hartley and Smith are not barred by the applicable statute of limitations, his complaint against these defendants is simply not cognizable in an action filed under § 1983. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983." *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ; *Parratt v. Taylor*, 451 U.S. 527 (1981).

B.  *The Challenge to Plaintiff's Convictions*

To the extent Plaintiff's complaint, as amended, may be construed to assert a challenge to the guilty pleas entered on either February 14, 2000 or June 16/17, 2002 he is

5

entitled to no relief in this action.[5]  A challenge to Plaintiff's 2000 and/or 2002 guilty pleas and the resulting convictions go to the fundamental legality of these convictions. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. 512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

---

[5]It is simply unclear from Plaintiff's complaint, as amended, whether the convictions entered against him on February 14, 2000 were, in fact, set aside. Plaintiff states on one hand that "[o]n March 28, 2002, the trial court went on record verifying that the guilty plea entered on February 14, 2000 was entered in error. The trial court claims to have corrected the record on March 28, 2002, but didn't. The Plaintiff complains that the record shows today[,] December 12th 2005[,] that he is detained for charges that he was wrongfully convicted on February 14, 2000." (Doc. No. 5, pg. 2.) Plaintiff then goes on to assert that "[t]he Circuit Court verified that the [February 14, 2000] conviction was set aside on March 18, 2002. . . . The action taken on February 14, 2000 has been invalidated by the Circuit Court. . . " (*Id*. pg. 3.)

6

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. *Id*. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

With regard to any challenge Plaintiff seeks to make to the constitutionality of his 2000 and/or 2002 guilty pleas and resulting convictions, a judgment in his favor in this cause of action would necessarily imply the invalidity of these convictions and any attendant sentence of imprisonment . Plaintiff has not demonstrated that the subject convictions have been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Plaintiff's 2000 and/or 2002 guilty pleas and resulting convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the legitimacy of the fact or duration of his present confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such challenge is, therefore, due to be dismissed under 28

U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Hartley and Smith arising from their representation of Plaintiff during his criminal trial proceedings which occurred on or about February 14, 2000 and June 16/17, 2002, be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint against these Defendants is not filed within the time prescribed by the applicable period of limitations;

2.  To the extent Plaintiff's claims against Defendants Hartley and Smith are not barred by the statute of limitations, his complaint, as amended,  against these individuals be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i);

3. Defendants Hartley and Smith be DISMISSED as parties to this complaint;

4. To the extent Plaintiff's complaint, as amended,  challenges the constitutionality of his February 2000 and/or  June 16/17, 2002 guilty pleas and  convictions, this claim be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

5. This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 25, 2006.**  Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of January 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE