IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY JAMES JACKSON
PLAINTIFF,

v.   | CASE NO. 2:05-CV-1138-

ELLEN I. BROOKS - D.A., et al.,   | MEF (WO)
DEFENDANTS.

OBJECTIONS TO RECOMMENDATION OF
THE MAGISTRATE JUDGE

COMES NOW, THE PLAINTIFF, JEFFERY J. JACKSON PRO SE, IN COMPLIANCE WITH THIS HONORABLE COURT'S ORDER TO FILE OBJECTIONS TO THE SAID RECOMMENDATION ON JANUARY 13TH, 2006. IN SUPPORT OF THE PLAINTIFF'S OBJECTIONS HE STATES THE FOLLOWING:

(1.) THE PLAINTIFF OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE'S IS BASED ON THE FACT THAT, THE DEFENDANTS COMMITTED FRAUDULENT AND DISHONEST ACTS WITHOUT THE PLAINTIFF'S KNOWING OR AGREEING WITH THE ACTIONS TAKEN.

I. DISCUSSION

(A.) CLAIMS BARRED BY THE STATUTE OF LIMITATIONS.

ALABAMA CODE 6-2-38 1975: WHEN STATUTE BEGINS TO RUN IN ACTION FRAUD.

THE STATUTE DOES NOT BEGIN TO RUN UNTIL THE FRAUD IS DISCOVERED. BANK OF RED BAY V. KING, 482 SO. 2d 274 (ALA. 1985).

THE DEFENDANTS, HARTLEY AND SMITH MISREPRESENTATION OF THE PLAINTIFF WAS COMMITTED IN VIOLATION OF THE LAWS OF THE UNITED STATES. THE DEFENDANTS VIOLATED THE RIGHTS OF THE PLAINTIFF UNDER 42 U.S.C. § 1983 BY DENYING HIM THE REPRESENTATION HE IS ENTITLED TO AND BY NOT PROTECTING HIM FROM THE MALICIOUS PROSECUTION OF THE STATE.

THE CLAIMS IN THE PLAINTIFF'S COMPLAINT SHOULDN'T BE BARRED BY THE STATUTE OF LIMITATION. PURSUANT TO 6-5-482 CODE OF ALABAMA, 1975: LIMITATION ON TIME FOR COMMENCEMENT OF ACTION: IF THE CAUSE OF ACTION IS NOT DISCOVERED AND COULD NOT REASONABLY HAVE BEEN DISCOVERED WITHIN SUCH PERIOD, THE ACTION MAY BE COMMENCED WITHIN SIX (6) MONTHS FROM THE DATE OF SUCH DISCOVERY.

PLAINTIFF FILED THIS 42 U.S.C. § 1983 ON DECEMBER 1ST 2005. THE PLAINTIFF RESPECTFULLY CONTENDS THAT HE HAD NO WAY OF KNOWING THAT HE WAS OR HAD BEEN PROSECUTED MALICIOUSLY. IN LIGHT OF THE FOREGOING, THE CLAIMS PRESENTED IN THIS 42 U.S.C. § 1983 SHOULDN'T BE BARRED BY THE (2) YEAR ALABAMA STATUTE OF LIMITATION BECAUSE THE ACTIONS TAKEN AGAINST HIM IS NEWLY DISCOVERED.

THE QUESTION ARISES AS TO WHEN FRAUD IS DISCOVERED FOR STATUTE OF LIMITATIONS PURPOSES. THOMPSON V. WILSON, 474 SO. 2d 657 (ALA. 1985)

(B.) THE CHALLENGE TO PLAINTIFF'S CONVICTIONS

THE PLAINTIFF RESPECTFULLY OBJECT TO THE MAGISTRATE JUDGE'S FINDING THAT HE IS NOT ENTITLED TO RELIEF UNDER U.S.C. § 1983.

THE PLAINTIFF RESPECTFULLY CONTEND THAT HE IS ENTITLED TO RELIEF UNDER U.S.C. § 1983 BECAUSE HE WAS ARRESTED AND IS BEING DETAINED FALSELY WITHOUT LAWFUL AUTHORITY. REAMS V. CITY OF TUCSON APP., 145 ARIZONA. 340, 701 P. 2d 598, 601. ARREST WITHOUT PROPER AUTHORITY IS A FALSE ARREST.

THE PLAINTIFF IS DETAINED ON CHAGES THAT HE WAS WRONGFULLY CONVICTED ON FEBUARY 14, 2000. THE TRIAL COURT'S RECORD SHOW THAT SOMEONE FORGED MY SIGNATURE ON MARCH 28, 2002. THE ARREST THAT WAS MADE FOR FAILURE TO APPEAR FOR SENTENCING - MARCH 15, 2002 WAS UNLAWFUL, FOR THE MANY REASON PRESENTED IN THIS 42 U.S.C. § 1983, THE PLAINTIFF IS ENTITLED TO DAMAGES AND AN IMMEDIATE RELEASE.

ON FEBUARY 14, 2000, THE TRIAL COURT RECORD SHOW THAT I PLEADED GUILTY. ON MARCH 28, 2002 THE TRIAL COURT SET ASIDE THIS CONVICTION BECAUSE I DID NOT PLEAD GUILTY TO THIS CASE ON FEBUARY 14, 2000.

ON DECEMBER 27, 2005, JUDGE TRUMAN M. HOBBS HAS INDICATED THAT HE WILL SET ASIDE THE ORDER THAT DECLARED ME DELINQUENT. THE CONVICTIONS ON 2-14-200 AND 6-17-2002 VOLIATED DOUBLE JEOPARDY.

ON DECEMBER 27TH 2005, JUDGE TRUMAN M. HOBBS JR. INVALIDATED THE CONVICTION ON THE CHALLENGED ACTIONS IN THIS COMPLAINT IN REGARDS TO THE WRONGFUL CONVICTIONS ON FEBUARY 14, 2000 AND JUNE 17, 2002.

DONE THIS THE 22ND DAY OF JANUARY 2006.

JEFFERY J. JACKSON
*Jeffery J. Jackson*
PLAINTIFF - PRO SE