# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JEFFERY JAMES JACKSON ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:05-CV-1138-F |
| ELLEN I. BROOKS, ET AL. ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## ANSWER AND SPECIAL REPORT

COME NOW the Defendants, **Eleanor I. Brooks and Will Powell**, by and through undersigned counsel, and in accordance with this Honorable Court's February 14, 2006 Order, offer the following answer and written report:

## PARTIES

1. The Plaintiff, Jeffery James Jackson.

2. Defendant Eleanor I. Brooks, District Attorney for the 15th Judicial Circuit, State of Alabama.

3. Defendant Will Powell, Deputy District Attorney, formerly employed with the 15th Judicial Circuit, State of Alabama.

## DEFENDANTS' EXHIBITS

EXHIBIT 1 – Affidavit of Eleanor I. Brooks.

EXHIBIT 2 – Affidavit of Will Powell.

## PLAINTIFF'S CLAIMS

The Plaintiff, Jeffery Jackson, claims under 42 U.S.C. § 1983 that the he was wrongfully convicted on February 14, 2000, as he was allegedly not the individual who pleaded guilty on that particular date. (*Plaintiff's Objections to Said Recommendation*, p.1)[1]. Because of the wrongful conviction the Plaintiff alleges that he was wrongfully detained for failure to appear for sentencing, for the original plea, on March 18, 2002. (*Plaintiff's Objection to Said Recommendation*, p.2)  The Plaintiff prays for monetary damages and his immediate release.  (*Plaintiff's Objections to Said Recommendation*, p.3).  The Plaintiff makes no specific allegations against the Defendants Brooks or Powell other than a bare claim in his prayer for relief for malicious prosecution. (*Plaintiff's Objections to Said Recommendation*, p.1).

The claims for ineffective assistance of counsel for February 14, 2000 and June 17, 2002, and the claims challenging the constitutionality of the Plaintiff's pleas and convictions have been dismissed by the Court.

## DEFENDANTS' RESPONSE AND DEFENSES

1. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
2. The Defendants are immune from suit by absolute prosecutorial immunity.
3. The Defendants deny that they violated the Plaintiff's constitutional rights.
4. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
5. The Plaintiff has failed to state a claim upon which relief may be granted.

6.  The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

7.  The Defendants are immune from suit due to qualified immunity.

8.  The Plaintiff's claims are barred by the statute of limitations.

**STATEMENT OF FACTS**

The Plaintiff was indicted by the Montgomery County Grand Jury on December 10, 1999 for Theft of Property Second Degree and Receiving Stolen Property II in CC No. 99-2133. (Exhibit 1, Attached Case Action Summary).

On June 17, 2002, the Plaintiff pleaded guilty to Receiving Stolen Property II and the alternative count of Theft of Property Second Degree was nolle prossed. (Exhibit 1, Attached Case Action Summary).

Court records indicate that under the same Case Action Number, CC No. 99-2133, the Plaintiff pleaded guilty to Breaking and Entering a Motor Vehicle and Theft of Property III on February 14, 2000. (Exhibit 1, Attached Case Action Summary). It appears that the Judge Sally Greenhaw's Office mixed up the two cases in two unrelated cases. The error was corrected by the Trial Court on March 28, 2002 when Judge Greenhaw entered the following notation into the record:

> The Court Nunc Pro Tunc hereby corrects this record to show that the plea entered on 2/14/00 was in error and it is set aside. The Court has determined that it was another Defendant who entered the plea.
> The Defendant is released from custody and the case status is scheduled for 4/11/02 at 8:30 a.m..

(Exhibit 1, Attached Case Action Summary).

---

[1] This Court entered an Order January 13, 2006 that Plaintiff's December 15, 2005 pleading by the Plaintiff, *Plaintiff's Objections to said Recommendation*, will be construed as a Motion to Amend Complaint.

Defendant Brooks is the District Attorney for the 15th Judicial Circuit of Alabama. The Plaintiff fails to allege any wrongdoing by Ms. Brooks or her office. (Exhibit 1, p. 2).

Defendant Powell did not take part in the plea that was taken on February 14, 2000, as he was not employed with the District Attorney's Office for the 15th Judicial Circuit until *after* this original plea was taken. (Exhibit 2, p.1). Defendant Powell was assigned to Judge Greenhaw's courtroom when he was employed with Defendant Brooks in the 15th Judicial Circuit. (Exhibit 2, p.1). After a review of the case action summary, Defendant Powell has no independent recollection of the matter, but doubts from the review that he took the second plea. (Exhibit 2, p.1).

The Plaintiff has been indicted on murder charges. (Exhibit 1, p. 2)

## ARGUMENT

The Plaintiff alleges under 42 U.S.C. § 1983 that the State pursued prosecution in this matter causing him to lose his job, home, and freedom.[2] The Plaintiff makes a bare allegation at the conclusion of *Plaintiff's Objections to said Recommendation* filed on December 13, 2005, that the Plaintiff was maliciously prosecuted by the Defendants. (*Plaintiff's Objection to Said Recommendation*, p.3).

The Plaintiff's § 1983 claim against these Defendants is barred by absolute prosecutorial immunity. In applying absolute prosecutorial immunity, the United States Supreme Court has directed that courts take a functional approach, in that prosecutors are absolutely immune for conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process. Burns v. Reed, 500 U.S. 478, 490-91, 111 S.Ct. 1934, 1941 (1991)(*Citing*

Imbler v. Pachtam, 424 U.S. 409, 431, 96 S.Ct. 984, 995 (1976)(The Court in Burns found that the prosecutors actions at issue, appearing before a judge and presenting evidence, clearly involved the prosecutor's role as a advocate for the State, and was intimately associated with the judicial phase of the criminal process). The Plaintiff in the instant matter makes no specific allegations to any conduct by either Defendant except that the two Defendants were prosecutors prosecuting the Plaintiff. (*See Plaintiff's Objection to Said Recommendation*, p.3). The conduct complained upon by the Plaintiff is intimately associated with the judicial phase of the criminal process and therefore the claims should be dismissed.

Prosecutorial immunity in § 1983 cases is necessary because the operation of the system itself could be weakened by subjecting prosecutors to § 1983 liability. Imbler v. Pachtam, 424 U.S. 409, 427, 96 S.Ct. 984, 993 (1976).

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequence in terms of his own potential liability in a suit for damages….Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

Imbler, 424 U.S. at 424-25, 96 S.Ct. at 992.

The Plaintiff does not allege the Defendants have any connection to the clerical error. (*Plaintiff's Objection to Said Recommendation*, p.3). In fact, it appears from Judge Greenhaw's aforementioned notation that the Court was solely responsible for the clerical error, and that the clerical error was later corrected. (Exhibit 1, Attached Case

---

[2] The Court has entered an Order adopting the Recommendation of the Magistrate Judge entered on January 13, 2006, which recommended the dismissal of the Plaintiff's challenges to the constitutionality of his February 2000 and/or June 16/17, 2002 guilty pleas and convictions.

Action Summary). Neither Defendant Brooks, nor her office, caused the clerical error, nor did either order or issue a warrant of arrest for failure to appear on February 28, 2002. (Exhibit 1, p1). The Plaintiff fails to allege any specific prosecutorial misconduct. (*See Plaintiff's Objection to Said Recommendation*). In fact, Defendant Powell was not even working as a Deputy District Attorney for the 15th Judicial Circuit when the clerical error was made in 2000. (Exhibit 2, p.1).

The allegations should be dismissed because the Plaintiff fails to state a claim upon which relief may be granted. In the alternative, any claim should be dismissed under absolute prosecutorial immunity. The Plaintiff makes no more than a bare allegation in his prayer that the Defendants maliciously prosecuted the Plaintiff.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants have answered accordingly and respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING
Attorney General

/s/ Cheairs M. Porter
Cheairs M. Porter
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 21st day of April, 2006, electronically filed with the Clerk of Court the foregoing using the CM/ECF system and served a copy of the upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jeffery James Jackson
Montgomery County Detention Facility
PO Box 4599
Montgomery, AL 36103

                                                /s/ Cheairs M. Porter
                                                Cheairs M. Porter
                                                Assistant Attorney General