# In the United States District Court
## For the Middle District of Alabama
### Northern Division

JEFFERY JAMES JACKSON,
PLAINTIFF,

V.

ELLEN I. BROOKS, ET. AL.
DEFENDANT(S).

RECEIVED
2006 MAY -2 A 9:40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:05-CV-1138-F

## Response to Written Report and Order

Come now the plaintiff, Jeffery J. Jackson pro se and in accordance with this Honorable Court's April 25th 2006 order, offer the following response to written report:

### Plaintiff Claims

Plaintiff claims under 42 U.S.C. § 1983 that he was wrongfully convicted on February 14, 2000 and the State of Alabama pursued prosecution twice on C.C. 91-163 with intention to cause to harm.

Plaintiff, claims that he was arrested unlawfully on March 18, 2002 for failure to appear for sentencing and the State of Alabama pursued prosecution twice on C.C. 91-163 and C.C. 99-2133. The court on record verified that the plea taken on 2-14-2000 was entered by another defendant.

CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL ON 2-14-2000 & 6-17-2002 AND THE CLAIMS CHALLENGING THE CONSTITUTIONALITY THE GUILTY PLEAS AND CONVICTIONS HAVE BEEN DISMISSED BY HONORABLE COURT.

## STATEMENT OF FACTS

PLAINTIFF WAS INDICTED BY THE MONTGOMERY CO. GRAND JURY ON CEMBER 10, 1999 FOR THEFT OF PROPERTY SECOND DEGREE AND CEIVING STOLEN PROPERTY SECOND DEGREE IN C.C. 99-2133.

(CASE NO. C.C. 99-2133)

FEBUARY 14, 2000, A GUILTY PLEA WAS ENTERED WRONGFULLY AND JUNE 17, 2002, THE PLAINTIFF PLEADED GUILTY TO RECEIVING STOLEN ROPERTY II AND THE ALTERNATIVE COUNT OF THEFT OF PROPERTY II EGREE WAS NOLLE PROSSED. PLAINTIFF WAS SENTENCE TO (15) SPLIT (3).

(CASE NO. C.C. 91-163)

ON JUNE 11, 1991, THE PLAINTIFF PLEADED GUILTY TO BREAKING AND ENTERING A VEHICLE AND THEFT OF PROPERTY III. PLAINTIFF E.O.S. C.C. 91-163 ON FEBUARY 2, 2001

ON JUNE 11, 1991, PLAINTIFF PLEAD GUILTY TO BREAKING AND ENTERING A VEHICLE AND THEFT OF PROPERTY III. PLAINTIFF WAS SENTENCED TO A (15) SPLIT (3).

ON MARCH 23, 1995, JUDGE: SALLY M. GREENHAW, ORDERED, C.C. 91-16 TO RUN CONCURRENT WITH C.C. 81-723.
ON JUNE 17, 2002, JUDGE: SALLY M. GREENHAW, ORDERED, C.C. 99-213 TO RUN CONCURRENT WITH C.C. 91-163.

DEFENDANT BROOKS IS THE DISTRICT ATTORNEY FOR THE 15TH JUDICAL CIRCUIT OF ALABAMA. HER OFFICE PURSUED PROSECUTION TWICE ON C.C. 91-163 AND C.C. 99-2133 WRONGFULLY WITH THE INTENTION OF HARMING THE PLAINTIFF.

DEFENDANT POWELL DID TAKE PART IN THE SECOND PROSECUTION AND WAS ASSIGNED TO PROSECUTE CASE NO. C.C. 99-2133 AND C.C. 91-163. TRIAL WAS SCHEDULE JUNE 20, 2002 ON THIS CASE, BEFORE JUDGE: SALLY M. GREENHAW.

## ARGUMENT

QUALIFIED IMMUNITY PROTECTS GOVERNMENT OFFICIALS PERFORMING DISCRETIONARY FUNCTIONS FROM CIVIL TRIALS AND BURDENS OF LITIGATION, INCLUDING DISCOVERY AND FROM LIABILITY IF THEIR CONDUCT VIOLATES NO CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOW. GONZALES VS. LEE CO. HOUSING AUTHORITY 161 F.3d 1290, 1295 (11TH CIR 1998).

DEFENDANT'S UNDER 42 U.S.C. § 1983 PURSUED PROSECUTION IN THIS MATTER CAUSING PLAINTIFF TO LOSE HIS HOME, JOB AND FREEDOM.

PLAINTIFF § 1983 CLAIM AGAINST THESES DEFENDANT IS NOT BARREL BY ABSOLUTE PROSECUTORIAL IMMUNITY. IN APPLYING ABSOLUTE PROSECUTORIAL IMMUNITY, THE UNITED STATES SUPREME COURT HAS DIRECTED THAT COURTS TAKE A FUNCTIONAL APPROACH, IN THAT PROSECUTORS ARE ABSOLUTELY IMMUNE FOR CONDUCT IN INITIATING A PROSECUTION AND IN PRESENTING THE STATE'S CASE INSOFAR

AS THAT CONDUCT IS INTIMATELY ASSOCIATED WITH THE JUDICIAL PHASE OF THE CRIMINAL PROCESS. BURN V. REED, 500 U.S. 478, 490-91, 111 S. Ct. 1934, 1941 (1991) CITING IMBLER V. PACHTAM, 424 U.S. 409, 431, 96 S. Ct. 984, 995 (1976).

ACCORDING TO CASE ACTION SUMMARY, PLAINTIFF WAS PROSECUTED WRONGFULLY ON C.C. 99-2133 AND C.C. 91-163. DEFENDANT'S ACTIONS SHOW THAT THE PROSECUTION AGAINST PLAINTIFF WAS DELIBERATE AND WITH THE INTENTION TO HARM.

THE CONDUCT COMPLAINED UPON BY THE PLAINTIFF IS NOT INTIMATELY ASSOCIATED WITH THE JUDICIAL PHASE OF THE CRIMINAL PROCESS.

DUE PROCESS OF LAW - THE FIFTH AMENDMENT FORBIDS CONGRESS TO DEPRIVE ANY PERSON OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW. THE FOURTEETH AMENDMENT IMPOSES THE SAME IMITATION UPON THE STATES; THOSE ACCUSED MUST BE PROPERLY APPREHENDED AND NOTIFIED OF THE ACCUSATION AND AN OPPORTUNITY MUST BE GIVEN FOR THE ACCUSED TO PREPARE AND PRESENT HIS DEFENSE.

THE CONSTITUTIONAL AMENDMENT #5 STATES THAT NO PERSON SHALL BE SUBJECT FOR THE SAME OFFENSE TO BE TWICE PUT IN JEOPARDY OF LIFE, NOR BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW.

## Conclusion

There are genuine issues of material fact, and [th]e plaintiff are entitled to judgement as a matter [of] law. Wherefore, the plaintiff have responded accordingly [an]d respectfully request that this honorable court after [re]viewing plaintiff response and evidentiary materials [to] recommend or order) an evidentiary hearing.

Respectfully Submitted

*Jeffery J. Jackson*
PRO,SE - PLAINTIFF

Plaintiff who has filed everything pro,se request [co]urt to look upon this filing under a act of pro,se [r]esponse of a layman who is doing so with the best [u]nderstanding of the law.

*Jeffery J. Jackson*
PRO-SE, PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE, THIS THE 30TH DAY OF APRIL, 2006, I SERVED A COPY OF THE FOREGOING ON THE DEFENDANT'S ATTORNEY, BY PLACING THE SAME IN THE UNITED STATES MAIL, LOCATED AT THE MONTGOMERY CO. DETENTION FAC. POSTAGE PREPAID, AND ADDRESSED AS FOLLOWS:

ADDRESS OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130

/S/ CHEAIRS M. PORTER
ASSISTANT ATTORNEY GENERAL


Jeffrey J. Jackson
PRO, SE - PLAINTIFF