IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY JAMES JACKSON | * |
| Plaintiff, | * |
| v. | *    2:05-CV-1138-MEF |
| | (WO) |
| ELLEN I. BROOKS, *et al.*, | * |
| Defendants. | * |

**ORDER ON MOTION**

Before the court is Plaintiff's motion for jury trial. The court construes the motion as a demand for trial by jury.

Plaintiff is advised that pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, a party is allowed to demand a trial by jury of any issue triable of right by a jury by serving a demand "not later than ten days after service of the last pleading directed to such issue." F.R.Civ.P. Rule 38(d) provides that the failure of a party to serve a jury demand as required by the rule constitutes a waiver by the party of trial by jury.

Here, Defendants filed their special report and answer to the complaint on April 21, 2006. Plaintiff's demand for a jury trial is filed more than one year after the Defendants' filing of their special report and answer. Hence, Plaintiff's jury demand was not filed within ten days after the filing of any pleading setting forth an issue triable by jury and he has not

set forth any reason for the delay in making his belated jury demand.[1] *See Parrott v. Wilson*, 707 F.2d 1262 (1983). Plaintiff has, therefore, waived his right to trial by jury.

Accordingly, it is

ORDERED that Plaintiff's December 5, 2007 motion, construed as a demand for trial by jury (*Doc. No. 26*), is DENIED.

Done, this 6th day of December 2007.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Seventh Amendment right to a civil jury is not absolute and may be waived if the jury demand is not timely requested. *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995.)