IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JEFFERY JAMES JACKSON #128 248 | * | |
| Plaintiff, | * | |
| v. | * | 2:05-CV-1138-MEF (WO) |
| ELLEN I. BROOKS - D.A., *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a prison inmate, asserts that his constitutional rights were violated when he was subjected to malicious prosecution. According to the complaint, as amended, on February 14, 2000 a guilty plea conviction was erroneously entered in one of Plaintiff's state court criminal records which subsequently led to his arrest in March 2002 on a failure to appear warrant. Plaintiff contends that, although the trial court claimed to have corrected the error on the record, the correction did not actually occur and Defendants pursued prosecution of him on the erroneous conviction causing him to loose his job, home, and freedom. Plaintiff alleges that his detention at the Montgomery County Detention Facility at the time he filed his complaint stemmed from the erroneous February 2000 conviction.[1]  Plaintiff seeks damages against Defendants

---

[1] Since filing this action Plaintiff has been transferred to the custody of the Alabama Department of Corrections and is currently serving a sentence of life without the possibility of parole. *Available at* http://www.doc.state.al.us.

Montgomery County District Attorney Ellen Brooks and Assistant District Attorney William Powell.[2] (*Doc. Nos. 1, 5.*)

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint, as amended. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to this motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. BACKGROUND

The undisputed facts in this matter show the following. A Montgomery County Grand Jury indicted Plaintiff on December 10, 1999 for second degree theft of property and second degree receiving stolen property in case number CC-99-2133. He pled guilty to the receiving charge on June 17, 2002 and the theft charge was nolle prossed. On the same day, Plaintiff

---

[2] Previously, on January 30, 2006, the court dismissed Plaintiff's claims against his defense counsel (Aimee Smith and John Hartley) and his request for immediate release. The court determined that Plaintiff's claims against defense counsel were either barred by the statute of limitations or frivolous under 28 U.S.C. §1915(e)(2)(B)(i). The court further found that to the extent Plaintiff sought habeas relief by attempting to challenge the validity of a guilty plea(s) and/or conviction(s) arising out of court proceedings which occurred in February 2000 and/or June 2002, such claim was subject to dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as habeas corpus is the exclusive remedy for a prisoner challenging the legitimacy of the fact or duration of his present confinement. (*See Doc. No. 12.*)

was sentenced as a habitual offender to a fifteen year split sentence, to serve three years, suspended with three years supervised probation. (*Doc. No. 17, Exh. 1, Brooks Affidavit and Attachments at 7.*)

In between the 1999 indictment and entry of his June 17, 2002 guilty plea, an entry was made in CC-99-2133 on February 14, 2000 indicating that Plaintiff entered a guilty plea to breaking and entering a motor vehicle and third degree theft of property.  When Plaintiff failed to appear for sentencing in regard to the February 2000 convictions, a capias warrant was issued and it was subsequently served on Plaintiff on March 18, 2002.  On March 28, 2002, the court made the following notation in CC-99-2133:

> The court Nunc Pro Tunc hereby corrects this record to show that the plea entered on 2/14/00 was in error and it is set aside.  The Court has determined that it was another Defendant who entered the plea.
> The Defendant is released from custody and a case status is scheduled for 4/11/02 at 8:30 a.m.
> Defendant resides at 122 E. South Blvd.

(*Doc. No. 17, Exh. 1, Brooks Affidavit and Attachments at 3-5.*)

On February 23, 2004, in regard to his receiving stolen property charge, Plaintiff was declared delinquent by the court for, among other things, being arrested on new charges for murder and robbery.  The court ordered Plaintiff to remain in delinquent status pending the outcome of the new charges.  On November 1, 2004 the court made a notation in the court record that Plaintiff's two new cases had been bound over to the Grand Jury on March 26, 2004 for which there had still been no disposition.  Plaintiff filed the instant action on December 1, 2005. (*Doc. No. 17, Exh. 1, Brooks Affidavit and Attachments at 11.*)

## II. DISCUSSION

*A. Standard of Review*

In order to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide adequate evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

*B. Defendants Brooks and Powell*

Defendants disclaim any knowledge or involvement in the criminal matters about which Plaintiff complains in the instant action. They argue that the actions about which Plaintiff complains were caused by a court clerical error which the trial court corrected on the record on March 28, 2000. Defendants affirm that they were not responsible for the clerical error nor were they responsible for issuing an arrest warrant on February 28, 2002 based on Plaintiff's failure to appear for sentencing in conjunction with the erroneous guilty plea entry made on February 14, 2000. Defendants further state that Plaintiff was indicted by the Montgomery County Grand Jury on April 7, 2006 for murder alleged to have occurred on or about February 9, 2004, a charge which remained pending against Plaintiff at the time Defendants filed their dispositive motion. (*Doc. No. 17, Exhs. 1, 2 - Brooks and Powell Declarations*.)

The court finds from the undisputed documents and records filed in this matter that Plaintiff has not shown that the named defendants had any involvement in the inaccurate court docket entry nor has he produced any evidence that they were involved in any proceedings which occurred withy respect to the erroneous docket entry prior to its expunction. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The law of this Circuit directs " 'that the inquiry

into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999.

Here, Plaintiff's allegation against Defendants fails as he offers no evidence that Defendants had any involvement with regard to the error in the court record about which he complains, that they pursued prosecution with respect to the erroneous record entry, or that they engaged in any conduct which was beyond their prosecutorial authority based on the incorrect entry. *See Burns v. Reed*, 500 U.S. 478 (1991). Rather, the documents and records before the court affirmatively reflect that Plaintiff's detention in the county jail at the time he filed this action had its origins in either his arrest on new criminal charges for murder and robbery, or his placement in delinquency status with respect to his June 2002 conviction for receiving stolen property, or both.

Assuming, *arguendo*, that Defendants were involved in the criminal proceedings about which Plaintiff complains, it is clear that any such involvement was based on the prosecutorial function which entitles Defendants to absolute immunity. The prosecutorial function includes litigation-related activity, the pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also*

6

*Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The unrefuted records before the court demonstrate that, to the extent Defendants' had any involvement in the criminal matters about which Plaintiff complains, such conduct arose from their roles "as [] 'advocate[s]' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant are, therefore, "entitled to absolute immunity for that conduct." *Id*.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 17*) be GRANTED;

  2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

  3. This case be DISMISSED with prejudice; and

  4. Costs of the proceeding be TAXED against Plaintiff for which execution may issue.

  It is further

  ORDERED that the parties shall file any objections to the Recommendation on or before **March 26, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

  Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 14th day of March 2008.

/s/Terry F. Moorer
TERRY F. MOORER.
UNITED STATES MAGISTRATE JUDGE