IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY J. JACKSON,
    PLAINTIFF,

V.                       2:05-CV-1138-MEF

ELLEN I. BROOKS, et al.,
    DEFENDANTS.

[filed stamp: 2008 MAR 24 A 9:54 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA]

OBJECTIONS TO THE RECOMMENDATIONS
OF MAGISTRATE JUDGE

Come now Plaintiff, pro se, in response to the recommendation of the Magistrate Judge. In support of opposition to the recommendation of the Magistrate Judge, the Plaintiff states the following:

Plaintiff respectfully object to the recommendation made on the ground that there is a genuine issue for trial.

Plaintiff constitutional rights were violated on March 18, 2002 when he was arrested for failure to appear for sentencing and then prosecuted twice on the same charges by the state causing him to lose his home, job/wages and freedom.

On March 28, 2002 the trial court made a Nunc Pro Tunc Order to show that that plea entered on February 14, 2000 was entered in error and the

1.

trial court ordered the plea entered on February 14, 2000 set aside because the court determined that it was another Defendant who entered the plea.

On February 14, 2000 a guilty plea conviction was erroneously entered in the state court records which subsequently led to Plaintiff arrest on March 18, 2002 on a failure to appear warrant

On March 28, 2002 The Court Nunc Pro Tunc corrected the record to show that the plea entered on February 14, 2000 was in error and set it aside. The Court had determined that it was another Defendant who entered the plea.

Plaintiff detention at the Montgomery Co. Detention Facility at the time he filed his complaint stemmed from his unconstitutional arrest by the defendants by presenting a Judge with a charge which failed to establish probable cause that he was guilty of the charge with which he was charged; Plaintiff brings this action against the defendants to recover damages sustained as a result of this claim and malicious prosecution instigated by the defendants

The undisputed facts in this matter shows the following:

Plaintiff was arrested on a failure to appear warrant and the charge were caused by the Defendants with malice

2.

on its part and without any probable cause that he was guilty of the charges alleged in the warrant. Plaintiff on February 14, 2000 was convicted under Case No. CC-99-2133 - Breaking and Entering a vehicle.

The arrest was based on a guilty plea that was entered on February 14, 2000. The trial court entered a Nunc Pro Tunc order on March 28, 2002 to confirm and to show that the plea entered on February 14, 2000 was in error, the court indicated that the plea was set aside. The court record shows that the Plaintiff was released from custody.

On May 24, 2002, Plaintiff was arrested again on a warrant to answer the state for the charge of Failure to Appear on the charge of: Breaking and Entering a vehicle CC 1991-000163.00

On June 17, 2002. Plaintiff pled guilty to Receiving stolen property II. The sentence was ordered to run concurrent with case No. CC-91-163.

On June 12, 2006, Plaintiff was sentenced to the Department of Correction on the charges involved in this civil matter.

Court reporter records do not show a plea was entered on 2/14/2000. See Exhibit L.

On February 23, 2004, Plaintiff was arrested for failure to appear in court on CC-91-163 Breaking and entering a vehicle and thief of prop. III and CC 99-2133 Thief of property II and receiving stolen property II. See Exhibit G.

On February 2, 2001 Plaintiff E.O.S. the sentence imposed by the trial court on March 23, 1995. The trial Judge revoked probation in CC-91-163 and amended to straight 15 year sentence to run concurrent with CC-81-723. See Exhibit N. and Exhibit L

On February 23, 2004, in regard to Plaintiff's receiving stolen property conviction on June 17, 2002, the sentence imposed by the trial court on June 17, 2002 was ordered to run concurrent with CC-91-163. Case no. 91-163 was ordered to run concurrent twice once on March 23, 1995 and again on June 17, 2002. See Exhibits F1 and Exhibit N

Plaintiff, on February 23, 2004, was declared delinquent by the court for failure to appear on CC-91-163 and CC 99-2133. On December 27, 2005, the trial court removed Plaintiff from delinquent status in CC-91-163 because on March 23, 1995, Plaintiff split sentence was revoked. The trial court reinstated the probation in CC-91-163. See Exhibit N and Exhibit I.

Exhibit N, will show that on March 25, 1995 in CC-91-163 Probation Revoked and Split Sentence Amended to Straight 15 year sentence to run concurrent with CC-81-723.

Exhibit F-2, will show on June 19, 2002 the sentence imposed in case no. CC-99-2133 was ordered to run concurrent with case no. CC 91-163.

Exhibit L, will show an end of the sentence in 81-723/724 on February 2, 2001. Exhibit N, will show 91-163 concurrent with 81-723/724. Exhibit L shows an end of sentence to both CC 91-163 and CC 81-723/724.

Exhibit L Shows Concurrent Sentence.

Exhibit I, will show the elimination of the delinquent status gave plaintiff an end of sentence "status" on CC-91-163. The elimination of the delinquent status in CC-91-163 not only gave an end of sentence to CC 91-163 it gave an end of sentence to CC-99-2133 because Exhibit F-1 shows concurrent sentences.

Exhibit C-2, will show that plaintiff went before the court for a revocation hearing. Probation was revoked in CC-99-2133. on June 12, 2006. Plaintiff was resentenced on June 12, 2006 to the Department of Corrections. The State waived the Remanded

The Court ordered Plaintiff to remain in delinquent status pending the outcome of the new charges. On November 1, 2004 the Court made a notation in the court record that plaintiff's two new cases had been bound over to the Grand Jury on March 26, 2004 for which there had still been no disposition. Case No. DC-04-487-488 See Exhibit B 1 case action summary.

On June 12, 2006 Plaintiff went before the Court for a revocation hearing in case N CC 99-2133. Probation was revoked. Split sentence was imposed. See Exhibit C 2

On June 17, 2002 Plaintiff was sentence to 15 years split to serve 3 years concurrent with CC 91-163. In case No. CC-99-2133. See Exhibit F 1. Case action summary.

### Defendants Brooks and Powell

The Defendants disclaim any knowledge or involvement in the criminal matters about which Plaintiff complains in the instant action. They argue that the actions about which Plaintiff complains were caused by a court clerical error which the trial court corrected on the record on March 28, 2002

Defendants affirm that they was not responsible for the clerical error nor were they responsible for issuing an arrest warrant on February 28, 2002 based on Plaintiff's failure to appear for sentencing in conjunction with the erroneous guilty plea entry made on February 14, 2000.

Plaintiff will demonstrate through documentary evidence that the Defendants had direct knowlege of the criminal matters about which Plaintiff complain.

Exhibit E will show that on February 18, 2002 the Plaintiff was arrested on a warrant issued by the court on a state charge of failure to appear on the charge of Breaking and Entering a vehicle. Case No. CC-91-163.

Exhibit E will also show that on March 28, 2002, the trial court entered a Nunc Pro Tunc order to show that plea entered on February 14, 2000 was in error and it was set aside. The court record also show that the Plaintiff was released from custody.

Exhibit R will show that the Plaintiff was arrested again on May 24, 2002 on a warrant issued by the court on a state charge of failure to appear on the charge of Breaking and Entering a vehicle. Case No. CC-91-163.

Plaintiff has shown the Defendants involvement in his arrest on the state's charge of failure to appear on the charge of Breaking and Entering a vehicle - Case No. CC-91-163. The initial arrest was made on 3-18-2002. After the court indicated in the court record that the plea made on February 14, 2002 was set aside, the Plaintiff was released.

After the trial court released the Plaintiff. The trial court issued another warrant based on the state's charge of failure to to appear on the charge of Breaking and Entering a vehicle - Case No CC-91-163.

The trial court records show that on March 23, 1995, Plaintiff's split sentence was revoked and the sentence was amended to a straight fifteen-year sentence and ordered to run concurrent with CC-81-723.

Judge Sally M. Greenhaw on March 28, 2002 set the erroneous conviction by state in CC-91-163 aside.

Judge Truman M. Hobbs, Jr. order on December 27, 2005 removed the Plaintiff from Delinquent status giving Plaintiff an "end-of-sentence" status on CC-91-163 because the sentence was ordered to run concurrent with CC-81-723.

Because the twenty-year-sentence in CC-81-723 came to an end on February 2, 2001, the fifteen-year-sentence in CC-91-163 also ended.

The elimination of delinquent status on December 27, 2005 should have given the Plaintiff an "end-of-sentence status on both CC-91-163 and CC-99-2133 because the "end-of-sentence status caused both of the sentences to end.

Therefore, the trial court had no jurisdiction to revoke probation in case no. CC-99-2133 because the sentence in CC-99-2133 ended on December 27, 2005 when the trial court ordered an "end" to CC-91-163.

The state is directly responsible for the revocation of probation on June 12, 2006 and the Defendant Ellen I. Brooks has an direct involvement with the illegal sentence imposed. Defendant Will Powell prosecuted Plaintiff twice on a charge that had ended on February 2, 2001.

Both Defendant faced a conflict of interest when they filed baseless charges. The Plaintiff request that Defendants motion for summary judgment be denied.

## Certificate of Service

I hereby certify that on this 24th day of March, 2008, I served a copy of the foregoing (including exhibits) on the U.S. District Court, by placing the same in the U.S. Mail located at St. Clair Corr. Facility, postage prepaid and properly addressed as follows:

U.S. District Court
P.O. Box 711
Montgomery, AL. 36101-0711

Jeffery J. Jackson
Pro Se

Jeffery J. Jackson - #A.I.S. 128248
St. Clair Corr. Facility
1000 St. Clair Rd
Springville, AL. 35146




Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL. 36101-0711



FOR LEGAL PURPOSES ONLY