IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

JEFFERY T. JACKSON,

PLAINTIFF,

v.                                    CASE NO. 2:05-CV-1138 MEF

ELLEN I. BROOKS,

DEFENDANTS.

RECEIVED

2008 APR 18 A 9:50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION TO AMEND OR VACATE
## FINAL JUDGMENT

COME NOW, PLAINTIFF, PRO SE, IN THE ABOVE style cause and respectfully move this honorable court to amend or vacate its final judgment entered in this action on MARCH 27, 2008, under RULE 60(b) of the FED. R. CIV. P.

IN THIS 42 U.S.C. ? 1983, PLAINTIFF, assert that his constitutional rights were violated on MARCH 18, 2002 when he was unconstitutionally arrested and then subjected to a malicious prosecution in violation double jeopardy clause.

On FEBRUARY 14, 2000, a plea of guilty was entered by the trial court. On MARCH 18, 2002 Plaintiff was arrested on a warrant for failure to appear in court for sentencing. The trial court, on MARCH 28, 2002, entered a nunc pro tunc order reversing and invalidating the conviction on FEBRUARY 14, 2000.

(1.)

Plaintiff. unconstitutional arrest were caused by the Defendants with malice and without probable cause to believe that he failed to appear in court for sentencing. This arrest was the result of an independant investigation made by the Defendants.

The Defendant's in violation of the double jeopardy clause of the United states and Alabama Constitution 1901 prosecuted the Plaintiff a second time under Case No. CC 99-2133 and CC 91-163 on February 14, 2000 and June 17, 2002.

Plaintiff, brings this action against the Defendant to recover damages sustained as a result of an unconstitutional arrest and malicious prosecution which was instigated by the Defendants.

The Defendants, acting under color of state law, violated plaintiff's constitutional rights, right to equal protection of the law because he is a poor black man.

Where prosecutor faces an actual conflict of interest and files charges he or she knows to be baseless, prosecutor is acting outside scope of his or her authority and lacks immunity. Beard v. Udall, 648 F. 2d 1264 (1981)

(2.)

Defendants were not performing offical duties when they filed charges against plaintiff where the charges were filed as part of extortion plan.

Plaintiff filed objections to the Magistrate Judge's recommendation to grant Defendants Motion for Summary Judgment on March 26, 2008.

Plaintiff objection to the recommendation of the Magistrate Judge was filed on March 26, 2008, and was overruled on March 27, 2008.

The Recommendation of the Magistrate Judge entered on March 14, 2008 was adopted on March 27, 2008 and Defendants motion was granted.

Plaintiff's Motion to Amend or Vacate the Final Judgment follows on April 14, 2008.

The Motion for Summary Judgment shall b served at least ten days before the time fixed for the hearing. Ala. R. Civ. P. 56 (c).

Thus, it is mandatory for the movant t give the opposing party ten days notice in order for him to filed counter affidavits. Ala. R. Civ. P. 56 (c).

It would be error not to give the opposing party ten days notice. Billingly v. Gorden, 340 So. 2d 743 (1977).

Plaintiff is contending that the trial court erred in recommending that Defendant's Summary Judgment Motion be granted withou prior notice to Plaintiff that a hearing would be held to determine if Summary Judgment would be appropriate or proper.

(3.)

Plaintiff moves this court to Amend or Vacate its final judgment under Rule 60(b) on the following grounds:

(1.) Newly discovered evidence which by due due diligence could not have been discovered in time to move for a new trial under rule 59(b).

(2.) The trial court erred on March 14, 2008 when it held a hearing on Defendants Motion for Summary Judgment without prior notice to Plaintiff as required by rule 56(a) Ala. rule of civil procedure.

(3.) Plaintiff was prejudiced when he was cut off from the opportunity to present rebutting evidence and argument relevant to Summary Judgment.

Wherefore,

Plaintiff respectfully request that an order be granted to vacate the final judgment entered on March 27, 2008 and that Summary Judgment be denied to the Defendants and for such other and further relief as to the court may seem just and proper.

(4.)

Jeffery J. Jackson
Pro se

Respectfully Submitted on April 14, 2008

## Certificate Of Service

I hereby certify that on this 15th Day of April, 2008. I served a copy of the foregoing on the Defendants Attorney by placing the same in the U.S. mail, Located at St. Clair corr. facility, postage prepaid and properly addressed as follows:

Jeffery J. Jackson
— pro se —

J. Matt Bledsoe
Ass: Attorney General
11 So. Union St
Montgomery, AL, 36130


C.C. Jeffery J. Jackson

(5.)

Jeffery J. Jackson - AIS. 128248
St. Clair Corr. Facility
1000 St. Clair Rd
Springville, Ala. 35146
        L-14

045J83093600
$0.410
04/16/2008
Mailed From 35146
neopost
US POSTAGE

Office of the Clerk
United States District Court
P. O. Box 711
Montgomery, Ala. 36101 - 0711

FOR LEGAL PURPOSES ONLY